United States District Court
Southern District of Texas
**ENTERED**
February 01, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DOROTHY HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-15-3523 |
| | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant, Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 10). For the reasons stated below, the motion will be granted.

### I. Factual and Procedural Background

This case arises from an alleged encounter between plaintiff, Dorothy Hall, and an unnamed Wal-Mart employee.[1] On or about September 1, 2013; Hall had her vehicle serviced at a Wal-Mart store located at 10505 W. Broadway St. in Pearland, Texas. That evening she began receiving text messages "of a sexual nature from an unknown number."[2] The next day Hall noticed that her vehicle

---

[1] The facts presented are uncontested allegations from Plaintiff's Original Petition ("Plaintiff's Petition") (Exhibit A to Defendant's Notice of Removal of Action Under 28 U.S.C. § 1441 ("Notice of Removal"), Docket Entry No. 1-2) or other undisputed evidence in the record unless otherwise noted.

[2] Plaintiff's Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-2, p. 3 ¶ 9.

was not functioning properly and scheduled an appointment to return to the Wal-Mart store on September 10, 2013. During her return visit, Hall spoke with the store manager, Raynell Durio, about the text messages. Durio investigated the matter and discovered that the texts were sent by a Wal-Mart employee. On or about September 10 Durio notified Hall that the situation had been addressed.[3] After the conversation with Durio, Hall became afraid that the employee might retaliate against her. As a result of the incident Hall suffered from depression and sought medical treatment.

Hall filed suit against Wal-Mart on September 10, 2015, in the 80th Judicial District Court of Harris County, Texas, alleging that Wal-Mart was liable for negligent hiring, training, supervising, and retention of its employees and for failing to prevent the alleged conduct from occurring on its premises. Wal-Mart timely removed the action to this court. Wal-Mart now moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c). Disputes about material facts are "genuine" if the evidence is such that a

---

[3]The parties dispute whether Durio also told Hall that the employee had been fired. See Plaintiff's Response to Defendant's Motion for Summary Judgment ("Plaintiff's Response"), Docket Entry No. 13, p. 2.

reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex v. Catrett, 106 S. Ct. 2548, 2553-2554 (1986)). If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000).

### III. Analysis

Wal-Mart moves for summary judgment, arguing that Hall's negligence claim is barred by limitations, that her claim fails as a matter of law, and that she has submitted no evidence of Wal-Mart's liability.[4]

### A. Claims Accruing Before September 10, 2013, Are Barred by Limitations

Hall's negligence claim is subject to Texas' two-year statute of limitations. Tex. Civ. Prac. & Rem Code § 16.003. Wal-Mart

---

[4]Defendant's MSJ, Docket Entry No. 10, pp. 3-5.

argues that Hall's claim accrued on the date the alleged text messages were received, September 1, 2013 -- more than two years before Hall filed in state court.[5] Hall responds that the "discovery rule" applies to her claim and that her "knowledge of a right or claim against [Wal-Mart] did not become apparent until September 10, 2013, or later, due to her inability to discern the unknown perpetrator."[6]

1. Applicable Law

"A cause of action generally accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy." Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 514 (Tex. 1998) (citations omitted). "The discovery rule exception operates to defer accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim." Wagner & Brown, Ltd. v. Horwood, 58 S.W.3d 732, 734-35 (Tex. 2001) (citing Computer Associates International, Inc. v. Altai, Inc., 918 S.W.2d 453, 455 (Tex. 1996)). "A party seeking to benefit from the discovery rule has the burden of obtaining findings to support its application." Barker v. Eckman, 213 S.W.3d 306, 312 (Tex. 2006) (citing Woods v. William M. Mercer, Inc., 769 S.W.2d 515, 518 (Tex. 1988)). The discovery rule is "a

---

[5]Id. at 3.

[6]Plaintiff's Response, Docket Entry No. 13, pp. 3, 5.

very limited exception to statutes of limitations" used only "when the nature of the plaintiff's injury is both inherently undiscoverable and objectively verifiable." Wagner, 58 S.W.3d at 734 (internal quotation marks and citations omitted). "Once a claimant learns of a wrongful injury, the statute of limitations begins to run even if the claimant does not yet know 'the specific cause of the injury; the party responsible for it; the full extent of it; or the chances of avoiding it.'" Exxon Corp. v. Emerald Oil & Gas Co., L.C., 348 S.W.3d 194, 207 (Tex. 2011) (citations omitted).

### 2. Application of the Law to the Facts

To the extent that Hall's claim arises out of the actions that occurred on September 1, 2013, they are barred by the statute of limitations. In response to Wal-Mart's arguments, Hall responds that she "could not have known of the wrongful act and resulting injury perpetrated by Defendant" because she did not know the source of the text messages.[7] Hall contends that her "knowledge of a right or claim against Defendant did not become apparent until September 10, 2013, or later, due to her inability to discern the unknown perpetrator."[8]

Hall mischaracterizes the discovery rule. Far from alleging that her injury was inherently undiscoverable, Hall explicitly

---

[7] Id. at 4.

[8] Id. at 5.

alleges that she began receiving texts of a "sexual nature" on the evening of September 1, 2013.[9] Hall does not allege that she did not know of the text messages or their nature, only that she did not know who sent them.[10] But ignorance of the identity of the party responsible for an injury does not affect the running of the limitations period. Hall cites no authority, and the court can find none, for the proposition that the discovery rule applies due to Hall's lack of knowledge as to the details of the texts she received on September 1, 2013.

### B. Hall Cannot Sustain a Negligence Claim Based on Durio's Actions

Hall argues in her Response that her negligence claim does not rest solely on Wal-Mart's liability for the misconduct of the employee who sent the text messages.[11] She alleges that Durio's subsequent firing of the employee and accompanying warning "presented a frightening situation for Plaintiff, aware that her information was in the hands of a nefarious individual with a motive to seek retribution against Plaintiff."[12] The resultant emotional and mental effects are the only injury alleged by Hall resulting from Durio's actions. For the reasons stated below, the

---

[9]Plaintiff's Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-2, p. 3 ¶ 9.

[10]Plaintiff's Response, Docket Entry No. 13, p. 4.

[11]Id.

[12]Id.

court concludes that Hall cannot sustain a negligence claim based only on Durio's actions on or after September 10, 2013.

1. Applicable Law

"A negligence finding requires a duty, breach, and damages proximately caused by that breach." Wansey v. Hole, 379 S.W.3d 246, 248 (Tex. 2012) (citing Doe v. Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 477 (Tex. 1995)). Texas courts do not recognize an independent right to recover for negligently inflicted emotional distress. Boyles v. Kerr, 855 S.W.2d 593, 595-97 (Tex. 1993). Whether negligently inflicted anguish may be recoverable when the defendant violates some other duty to the plaintiff depends on both the nature of the duty breached and the proof offered by the plaintiff. City of Tyler v. Likes, 962 S.W.2d 489, 494 (Tex. 1997) (citing Boyles, 855 S.W.2d at 598). "For many breaches of legal duties, even tortious ones, the law affords no right to recover for resulting mental anguish." Id. Moreover, it has been established Texas law "for over a century that '[a] person who is placed in peril by the negligence of another, but who escapes without injury, may not recover damages simply because he has been placed in a perilous position. Nor is mere fright the subject of damages.'" Id. at 500 (quoting Gulf, Colorado & Santa Fe Railway Company v. Trott, 25 S.W. 419, 420 (Tex. 1894); accord Restatement (Second) of Torts § 436A (1965)). But "when the defendant's negligence causes a mental shock which produces a

serious bodily injury, the defendant is liable for that injury provided it was foreseeable." Id. at 495-96. "[M]inor physical symptoms . . . such as difficulty sleeping, are not serious bodily injuries that can form the basis for recovering mental anguish damages." Id. at 496.

2. Application of the Law to the Facts

Hall alleges in her Petition that she "suffered bodily injuries" and that her injuries "have had serious effects" on her "health and well-being."[13] However, this non-specific allegation is contradicted by the summary judgment evidence. Hall admits that she did not see a doctor.[14] Hall's counseling records do not indicate that bodily injuries or other medical concerns were ever addressed in therapy.[15] The fact that her therapy and counseling sessions allegedly "mitigated the severity of physical manifestations by dealing with the underlying emotional injury"[16] does not alter the court's analysis. If Hall in fact suffered minor physical symptoms too insignificant to prompt discussion with

---

[13]Plaintiff's Petition, Docket Entry No. 1-2, p. 6.

[14]Oral and Videotaped Deposition of Dorothy Hall, Exhibit A to Defendant's MSJ, Docket Entry No. 10-1, p. 16:25 - p. 17:1 ("Q: You haven't been to a doctor? A: No, sir.").

[15]See Progress Notes, Exhibit B to Defendant's MSJ, Docket Entry No. 10-2, pp. 3-7 (under heading titled "**Issues Addressed**" the box for "Health/Medical Concerns" is unchecked on every report).

[16]Plaintiff's Response, Docket Entry No. 13, p. 5.

her therapist, much less a visit to a physician, those symptoms could not form the basis for recovering mental anguish damages. At any rate, Hall's nonspecific allegations fail to meet her summary judgment burden to respond to Wal-Mart's motion by showing <u>specific</u> facts exist over which there is a genuine issue for trial.

The only alleged consequence of Durio's actions on or after September 10, 2013, is that Hall was placed in a frightening situation. The evidence before the court indicates that Hall's only damages from that date forward were mental or emotional. Moreover, Hall does not argue that any duty allegedly breached by Wal-Mart or its employee, Durio, was one for which Texas law affords a right to recover for mental anguish. Even drawing all reasonable inferences in favor of Hall and assuming that Durio's actions placed Hall in peril, the fact that Hall suffered no compensable damages leaves her without a viable claim. Summary judgment will therefore be granted in favor of Wal-Mart as to the portion of Hall's claim not barred by limitations.

## IV.  <u>Conclusions and Order</u>

Because the court concludes that plaintiff lacks a viable cause of action, the court does not reach defendant's arguments regarding evidence of liability. For the reasons explained above, the court concludes that there is no genuine issue of material fact that would permit a reasonable jury to find in favor of plaintiff. Defendant, Wal-Mart Stores, Inc.'s Motion for Summary Judgment

(Docket Entry No. 10) is therefore **GRANTED**,[17] and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 1st day of February, 2017.

> SIM LAKE
> UNITED STATES DISTRICT JUDGE

---

[17]Because Hall has had ample opportunity to present evidence of her injuries and the court has given her the benefit of the doubt in liberally construing her claims, the court concurrently **DENIES** Hall's perfunctory request to amend (See Plaintiff's Response, Docket Entry No. 13, p. 7.).